OHIO APPELLATE REPORTS. 191

App.] Cleve. Trust Co. v. C., D. & T. Trac. Co.

THE CLEVELAND TRUST CO., TRUSTEE, v. THE CINCINNATI, DAYTON & TOLEDO TRACTION CO.

*Court of appeals — Jurisdiction on appeal — Interlocutory and final orders — Confirmation of sale — Foreclosure of railroad mortgage.*

An order confirming a sale made in proceedings to foreclose a railroad mortgage, which order however reserved for future consideration the right to liens upon the fund received as proceeds of the sale, in favor of those made parties and who filed answers and cross-petitions after the decree for sale had been entered, is interlocutory in its nature and appeal does not lie therefrom, under the provisions of Section 6, Article IV of the Ohio Constitution.

(Decided December 3, 1917.)

APPEAL: Court of Appeals for Hamilton county. ON MOTION to dismiss appeal.

An appeal has been taken herein from an order of the common pleas court confirming a sale made in proceedings to foreclose a railroad mortgage.

It is now heard upon a motion to dismiss this appeal on the ground that the order or judgment appealed from is not a final one.

The parties prosecuting the appeal are of two classes, one class claiming to hold liens under certain debentures upon an integral portion of the railroad, dating back to a period before its consolidation with other railroads to form the property sold, and the other class claiming to be holders of certain bonds which constitute a minority of the bonds secured by the mortgage which is being foreclosed by the trustee at the request of the holders of a majority of said bonds.

192    OHIO APPELLATE REPORTS.

Cleve. Trust Co. *v.* C., D. & T. Trac. Co.    [9 Ohio

There is some question of the standing in the case of the parties constituting this second class of appellants, as their respective answers and cross-petitions, which had been filed by leave, were stricken from the files by an order to which they reserved exceptions. They are not named as defendants in the original petition, and no formal entry appears making them parties, although, by leave of court, after the return of the sale, they filed written objections to its confirmation and took exceptions and gave notice of appeal in the order confirming the sale.

Certain owners of debentures constituting the parties of the other class of appellants were, on motion, made parties defendant with leave to plead, after the decree for sale had been entered, and filed answers and cross-petitions setting up their liens and alleging that there was an amount of rental due from The Ohio Electric Railway Company to The Cincinnati, Dayton & Toledo Traction Company, under lease of said railway, sufficient, if collected, to satisfy all their liens, and praying that said order for sale should be set aside and the petition dismissed, that said rent be ordered collected and their claims paid, and for further relief.

A motion of these defendant debenture owners to set aside the decree and order for sale, or to modify the same and instruct the receiver to bring suit to collect rentals due as prayed in their cross-petitions, was overruled, to which ruling said defendants excepted. Afterwards the sale was made and returned, and on motion of plaintiff an order was made confirming the sale and postponing for

OHIO APPELLATE REPORTS. 193

App.]        Cleve. Trust Co. *v.* C., D. & T. Trac. Co.

future determination all questions relating to distribution of the proceeds, to all of which order all of the defendants other than The Cincinnati, Dayton & Toledo Traction Company excepted, and gave notice of appeal.

*Messrs. Harmon, Colston, Goldsmith & Hoadly* and *Mr. G. M. Cummings,* for plaintiff.

*Mr. Robert S. Alcorn,* for Alcorn & Levi; *Mr. Starbuck Smith* and *Mr. Oliver S. Bryant,* for Edna Wilson et al., and *Messrs. Burch, Peters & Connolly,* for Leopold & Levi.

JONES, P. J.   Just what is a final order or judgment from which appeal lies has always been a difficult question, and since the change in the courts and their jurisdictions, effected by the amendments of the constitution in 1912, that difficulty has not been made less.

Under the law as it stood before this change it was held that a mere order confirming a sale, being administrative in its character, was not appealable. *Reeves et al.* v. *Skenett, Jr., et al.,* 13 Ohio St., 574, and *McRoberts* v. *Lockwood· et al.,* 49 Ohio St., 374.

Section 12224, General Code, which purports to provide for appeals, has been held unconstitutional in *Wagner* v. *Armstrong et al.,* 93 Ohio St., 443, and the jurisdiction of the court of appeals is wholly fixed—as held in *The Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415—by Section 6, Article IV of the new Constitution, which gives it "appellate jurisdiction in the trial of chancery cases." The word "trial" does not mean every interlocu-

194     OHIO APPELLATE REPORTS.

Cleve. Trust Co. *v.* C., D. & T. Trac. Co.     [9 Ohio

tory order or step taken in the court as the case proceeds, but its meaning is well stated in the words of the supreme court in *Thompson et al.* v. *Denton,* 95 Ohio St., 333, at page 341 of the opinion:

"We hold that the term 'trial' as used in the constitution is broad enough to include any judgment, final order or decree, not interlocutory in its nature, affecting the substantial rights of a party to a chancery suit."

To be sure, the property in this case is disposed of by the confirmation of the sale, so far as the complaining parties are concerned, except as to their rights to liens upon the fund received as proceeds of the sale, which was by that order reserved for future consideration of the court. But these rights were not concluded by the order of confirmation from which the appeal was taken. If appellants had been parties at the time of the decree of foreclosure and order for sale, that would have been the judgment which would have substantially affected their rights, from which they should have appealed. But having become parties to the case after that time, they raised the question of first compelling The Cincinnati, Dayton & Toledo Traction Company to pursue their lessee, The Ohio Traction Company, for unpaid rent due, and enforce its payment, instead of selling claims for unpaid rent with the railroad itself on foreclosure. An order was then made by the court refusing to set aside the decree and order for sale and to grant the motion for this relief. This was undoubtedly an order affecting their substantial rights, and inasmuch as they came into the case

too late to seek a review of the decree and order for sale at the time it was made, this order refusing to set it aside should have been made the basis of error proceedings or appeal, rather than the decree confirming the sale.

In our opinion the order confirming the sale is interlocutory in its nature, and the motion to dismiss the appeal must be granted.

*Motion to dismiss appeal allowed.*

GORMAN, J., concurs.

HAMILTON, J., not participating.